# VILLAGE OF BAUDETTE v. HERMAN MILLER.[1]

July 9, 1920.

No. 21,866.

**Jurisdiction of district court.**

An action, of which the district court could take original jurisdiction, was begun in justice court. Defendant appeared specially and moved to dismiss on the ground that the justice was entirely without jurisdiction. Defendant then stipulated with plaintiff that the action "is hereby transferred to the district court." *Held*: The action must be regarded as if originally begun in the district court, and it was wholly immaterial whether the justice ever acquired jurisdiction. [Reporter.]

**Appeal from erroneous taxation of costs.**

The exclusive remedy for an erroneous taxation of costs is by appeal from the clerk's taxation to the court. [Reporter.]

The facts are stated in the opinion. From the judgment entered in favor of plaintiff in the district court for Beltrami county, Stanton, J., defendant appealed. Affirmed.

*John A. Pearson*, for appellant.
*Middleton & Middleton*, for respondent.

PER CURIAM.

Plaintiff instituted this action in the court of a justice of the peace in the town adjoining the town where resided plaintiff, its attorneys, and defendant, such town not containing the county seat. Defendant appeared specially and moved for a dismissal on the ground that the justice was wholly without jurisdiction. Instead of taking the decision of the justice and appealing if adverse, defendant stipulated with plaintiff that the action "is hereby transferred to the district court of said county for hearing and determination upon the question of the jurisdiction of the justice of the peace as raised at the return day of said action and for the further action of the said district court therein, the same to be heard at the" next general term of the court to be held at Bemidji. At that term, pursuant to the stipulation, the cause came on for hearing in the district court. Plaintiff appeared, but there was no appearance by defendant. The court nevertheless decided the motion to dismiss upon the affidavits filed in the justice court, denying the same. Thereupon evidence was introduced by plaintiff, findings were made in its favor, and judgment entered from which defendant appeals.

[1] Reported in 178 N. W. 315.

The justice never passed on the motion to dismiss, hence there was nothing to review, even had the case reached the district court properly by appeal. The cause of action was one of which the district court could take original jurisdiction. Transferred or removed by stipulation from the justice to the district court before trial was had or judgment entered, the action must be regarded as if originally begun in the district court. Whether the justice ever acquired jurisdiction hence became wholly immaterial, and the case was "for the further action" of the district court, that is, for determination on the merits.

The clerk taxed witness fees for one of plaintiff's attorneys, who testified at the trial. This is assigned as error. The exclusive remedy was by appeal to the district court from the clerk's taxation. Jensen v. Crevier, 33 Minn. 372, 23 N. W. 541; Coles v. Berryhill, 37 Minn. 56, 33 N. W. 213.

Judgment affirmed.