IN RE ESTATE OF MAYER WEISBERG, ALSO KNOWN AS MEYER WEISBERG AND MAYER WISBERG.

E. F. JACOBSON v. STATE.[1]

April 30, 1954.

No. 36,273.

[1]Reported in 64 N. W. (2d) 370.

*Stetson & Jacobson,* for appellant.

*J. A. A. Burnquist,* Attorney General, *George G. Edgerton,* Special Assistant Attorney General, for the State.

FRANK T. GALLAGHER, JUSTICE.

Appeal from a judgment of the district court affirming a judgment and order of the probate court and dismissing the appeal therefrom.

The case arises out of the administration of the estate of Mayer Weisberg, deceased. Appellant is the administrator of the estate, and his law partner is the attorney. The judgment appealed from affirmed an order of the probate court reducing the attorney's fees in the general administration.

Mayer Weisberg died without leaving any heirs; his estate consisted of $2,844 in cash. Appellant was appointed special administrator, and his law partner acted as attorney in the special administration. Appellant received $100 for his services as special administrator, and his attorney received $300. After payment of other bills in connection with the special administration, the estate

was reduced to approximately $2,066.86, all of which was in cash. Appellant was then named general administrator of the estate, and his law partner again acted as attorney in the general administration. The estate was further reduced in the general administration to $409.26, which amount was ordered to escheat to the state of Minnesota. The probate court allowed the administrator $150 in the general administration but reduced the amount requested for attorney's fees in that administration from $600 to $200, which amounts were approved by the district court. Appellant contends that the $200 allowance for attorney's fees is inadequate.

■ M. S. A. 525.49 provides in part:

"* * * An attorney performing services for the estate at the instance of the representative shall have such compensation therefor out of the estate as the court shall deem just and reasonable."

The estate involved here was not a large one and, as stated, was comprised solely of cash. No unusual legal problems were involved in its administration. The attorney's fees allowed have been considered and have been found adequate by the probate and district courts, both fully informed with respect to the details of the estate. In the district court, the attorney who had been employed by appellant itemized the services performed in the general administration and gave his opinion of the reasonable value of each service. The resulting total was about $565. However, respondent offered the testimony of a former president of the Hennepin County Bar Association, who was also an experienced member of the Minnesota bar. He had examined the file in the estate of decedent and stated that $500 was a reasonable fee for the services performed for the estate in both administrations.

Allowance of attorney's compensation rests largely in the discretion of the probate court. While it is discretionary in that there are no fixed rules to determine the proper allowance, it is not within the discretion of the courts to allow anything more than is fair and reasonable. The courts have a duty to prevent dissipation of estates through allowance of exorbitant fees to those who administer them. In re Estate of Simmons, 214 Minn. 388, 8 N. W. (2d) 222, 10

N. W. (2d) 481. The reasonable value of the services of an attorney in the administration of an estate is a question of fact for the determination of the trial court. In re Estate of Fitzgerald, 205 Minn. 57, 285 N. W. 285. The finding of the district court on that issue is amply sustained by the evidence, and we do not feel that there was an abuse of discretion.

■ Appellant contends that the district court erred in receiving evidence of the attorney's fee allowed in the special administration, since that allowance was not contested on the appeal to the district court. We cannot agree with that contention. Although the estate consisted only of cash, it apparently was deemed necessary to have both a special and a general administration. Therefore it appears to us that there was such a relationship between the two administrations that it was not reversible error on the part of the trial court to receive the evidence, especially since the same administrator and the same attorney handled both administrations.

The size of the total estate is one important factor in determining what are reasonable attorney's fees. In re Estate of Moore, 118 Neb. 568, 225 N. W. 705; Will of Willing, 190 Wis. 406, 209 N. W. 602. We conclude that the extent to which the estate was depleted by allowance of such fees in the special administration is important and properly may be considered in determining a reasonable attorney's fee in the general administration.

■ Finally, appellant urges that the judgment of the district court is erroneous in that costs and disbursements were taxed against appellant personally rather than against the estate as required by M. S. A. 549.14. However, the exclusive remedy for improper taxation of costs is by appeal to the district court. State ex rel. Norris v. District Court, 52 Minn. 283, 53 N. W. 1157; Village of Baudette v. Miller, 146 Minn. 477, 178 N. W. 315; 5 Dunnell, Dig. (3 ed.) § 2224. Since appellant failed to pursue this remedy, we cannot now consider the propriety of the manner in which the costs were taxed.

Affirmed.