IN RE ESTATE OF ANNA G. HEALY.
WILLIAM L. HURSH v. EDGAR E. EDGERLY AND OTHERS.[1]

January 14, 1955.

No. 36,157.

---

[1]Reported in 68 N. W. (2d) 401.

*Marshall S. Snyder,* for appellant.

*Joseph L. Nathanson* and *Philip J. Levy,* for respondents.

MAGNEY, COMMISSIONER.

On August 25, 1943, Anna G. Healy, then about 71 years of age, childless, and a widow since 1938, signed an instrument purporting to be her last will and testament. She died on January 22, 1952, and left surviving her brother, Edgar E. Edgerly, over 80 years of age, living at Yakima, Washington; a nephew, Nicholas E. Theis, living in Minneapolis; and a niece, Ada Maurer, living in North Dakota, with all of whom she was on friendly terms. She left an estate of over $23,000 consisting mostly of cash and securities. In the will, she gave $1,000 to her brother; nothing to her nephew or niece; $1,000 to Henry L. Loesch and Ava L. Loesch, old-time friends,

jointly; and the entire residue to her attorney, William L. Hursh. Mr. Hursh was named as executor in the will.

All of the above-named heirs filed in the probate court of Hennepin county objections to the allowance of the purported will on the ground that decedent lacked testamentary capacity at the time of the making of said will; that the residuary legatee and proponent of the will, William L. Hursh, and his wife, exercised undue influence upon the decedent; and that the purported will was not the will of the decedent but the will of proponent, William L. Hursh. The probate court found that at the time Anna G. Healy signed the purported will she was not of sound mind and lacked the necessary testamentary capacity to execute a will. It further found that the execution of the will was procured through the exercise of undue influence over and upon Anna G. Healy, decedent, by proponent, William L. Hursh, and his wife. The will was disallowed and denied admission to probate. The court then decreed that the estate of Anna G. Healy, decedent, be administered as intestate.

Proponent appealed to the district court. After lengthy trial, an advisory jury by a five-sixths verdict found lack of testamentary capacity, but also found by unanimous verdict that no undue influence was exercised over and upon Anna G. Healy by William L. Hursh and his wife. The trial court thereupon made findings of fact in which it found that the instrument executed by Anna G. Healy was not procured through undue influence by proponent and his wife or either of them but that, on the date the instrument was executed by Anna G. Healy, she was suffering from arteriosclerosis and senile dementia to such a degree that she lacked testamentary capacity. The proponent appealed to this court from the order of the trial court denying his motion for a new trial.

Proponent submits 33 assignments of error. He claims in brief that there is insufficient competent evidence to sustain the verdict and decision, that the court erred in calling an advisory jury over his objection, that it erred in receiving the five-sixths verdict of the jury and in adopting the same, and that it erred in certain of its rulings on evidence. The most important of these assignments of

error concerns the sufficiency of the evidence to sustain the decision.

The mental capacity of a testator sufficient to make a valid will requires that at the time of making the will the testator must understand the nature, situation, and extent of his property and the claims of others on his bounty or his remembrance, and he must be able to hold these things in his mind long enough to form a rational judgment concerning them. The law so stated above is well settled in this state. In re Estate of Jernberg, 153 Minn. 458, 190 N. W. 990; In re Estate of Forsythe, 221 Minn. 303, 22 N. W. (2d) 19, 167 A. L. R. 1.

It is equally well settled that the burden of proof to establish mental capacity rests upon the proponents of the will. It is also equally well settled that the evidence and inferences therefrom must be viewed in the light most favorable to the findings of the court below. At this late date, citations must be unnecessary to sustain these two rules or principles.

In this case, as is usual in cases that come before this court involving the mental capacity of a testator or testatrix, there is a long record. A set of witnesses, both expert and lay, called by proponent were of the opinion that the testatrix at the time of the execution of the will was mentally competent to make a will. Another set of witnesses, both expert and lay, called by opponents were of the opinion that at that time she did not have the mental capacity to make a valid will. All the witnesses based their opinion on facts within their knowledge or on facts assumed to be true. We have carefully scanned the record and have come to the conclusion that it would serve no useful purpose to recite the facts in detail. There is irreconcilable conflict in the testimony. It certainly cannot be said that as a matter of law on the disputed testimony the court would be justified either to hold that testatrix had sufficient mental capacity to make a will on August 25, 1943, or to hold that she did not. Obviously, it is a matter for determination by the trier of fact, and in this case it found that the proponent of the will had not sustained the burden of proof that rested on him.

The situation here is comparable to that in In re Estate of Forsythe, 221 Minn. 303, 307, 22 N. W. (2d) 19, 23, 167 A. L. R. 1, where we said:

"* * * It may be conceded that there was much evidence to the contrary and that proponents made out a strong case of mental capacity, but this justifiable concession only serves to emphasize that a fact issue was involved. Church of St. Vincent De Paul v. Brannan, 97 Minn. 349, 107 N. W. 141. * * * Even if it be conceded that, if the question originally had been submitted to us, this court would have reached the conclusion that testatrix was mentally competent at the time she made her will, that furnishes no sufficient reason for overturning the findings of the trier of fact. Woodville v. Morrill, 130 Minn. 92, 153 N. W. 131; In re Estate of Christ, 166 Minn. 374, 208 N. W. 22; 1 Dunnell, Dig. & Supp. §§ 411 and 415. There is no basis for questioning the sufficiency of the evidence on appeal where such evidence justifies a finding either way."

We are of the opinion that there is sufficient competent evidence to sustain the finding of the court.

■ Proponent questions the propriety of the court in calling in an advisory jury over his objection and in adopting its verdict. Rule 39.02 of Rules of Civil Procedure provides:

"In all actions not triable of right by a jury the court, upon motion or of its own initiative, may try an issue with an advisory jury, or the court, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right."

It is thus apparent that the court, upon its own initiative, could have called in an advisory jury. In this case it was requested by contestants to do so. Its action was entirely proper. Proponent also complains that the court based its decision on the verdict of the advisory jury and not on findings of its own. In its findings the court says:

"The Court being advised in the premises, having heard the arguments of counsel, and *on the verdict of the jury* and all of the files and proceedings herein, makes the following

"FINDINGS OF FACT:

"I.

\* \* \* \* \*

"II.

"At the time the instrument was executed by her, said Anna G. Healy was suffering from arteriosclerosis and senile dementia to such a degree on the date the instrument was executed that she lacked testamentary capacity."

Perhaps the court was unfortunate in the choice of words in the statement preliminary to the findings, but it is evident the court made its own decision on the evidence. The question submitted to the jury and which it answered in the negative was: "Did Anna G. Healy have testamentary capacity on August 25, 1943, at the time she signed the proposed Last Will and Testament?" The verdict is worded quite differently from the finding, and it is evident that the court intended to and did make its own finding on the question of decedent's mental capacity.

■ Proponent also assigns as error the receiving of the five-sixths verdict of the jury and the adopting of the same. The jury retired for deliberation at 2:30 p. m. on March 10 and returned its verdict at 11:35 a. m. the following day. Proponent claims that the jury actually deliberated only nine hours instead of the twelve required by the statute for a five-sixths verdict. M. S. A. 546.17. He deducts from the time the jury was out, the time it took out for supper and breakfast, the time it spent at the hotel, the time it took to go from the jury room to the hotel and restaurant and back again, and the time it took for additional instructions. This court has passed on the question raised by this assignment as early as in Hurlburt v. Leachman, 126 Minn. 180, 148 N. W. 51, and passed on it adversely to proponent. The final sentence in that opinion reads (126 Minn. 184, 148 N. W. 53):

"* * * Where a jury has been in retirement for a period well beyond the time prescribed by statute, the law *conclusively presumes* that they have been in deliberation for the required length of time." (Italics supplied.)

We can think of no reason why the Hurlburt case should not be followed.

■ We have considered the other assignments of error and find no error in them that would require a reversal.

Order affirmed.