IN RE ESTATE OF MAYER WEISBERG, ALSO KNOWN AS
MEYER WEISBERG AND MAYER WISBERG.
E. F. JACOBSON v. STATE.[1]

October 7, 1955.

No. 36,616.

*Stetson & Jacobson,* for appellant.

*Miles Lord,* Attorney General, *Robert W. Mattson,* Assistant
Attorney General, for respondent.

DELL, CHIEF JUSTICE.

This is an appeal from a judgment of the District Court of Hen-
nepin County affirming an order of the probate court of said county
disallowing an administrator's supplemental account and denying
his petition for an amended final decree.

The facts are not in dispute. On January 13, 1953, an order of
the probate court of Hennepin County was made allowing the final
account of E. F. Jacobson, administrator of the estate of Mayer
Weisberg, deceased, but reducing his fees and those of his attorney.
A final decree was entered ordering that the remainder of the estate,
consisting of $409.26 in cash, escheat to the State of Minnesota. Upon
appeal to the district court the order and decree of the probate court
were affirmed, and upon appeal to this court the judgment of the

[1]Reported in 72 N. W. (2d) 363.

district court was affirmed. As shown by the opinion in that case,[2] out of a total estate of $2,844 the probate court allowed administrator's fees of $250 and attorney's fees of $500, which sums were paid. Thereafter the administrator filed a supplemental account with the probate court in which he sought reimbursement for the expenses of his appeals, in the sum of $178.42, and also made claim for attorney's fees for his law partner in handling the appeals, in the sum of $230.84, the combined items totaling the exact amount of $409.26 which, under the final decree, escheated to the state. The probate court disallowed the supplemental account and refused to amend the final decree. Upon appeal to the district court, judgment was entered affirming the order of the probate court and dismissing the appeal.

We can see no merit to this appeal. The lower court, upon the facts stated, found that all proceedings taken by the administrator after the allowance of the final account and the entry of the final decree were not in the interests of or for the benefit of the estate but, to the contrary, were for the sole personal benefit of the administrator and his law partner, George C. Stetson.

Under M. S. A. 525.71(15) both the administrator and his attorney were authorized to appeal in their own names, as aggrieved parties, from the order refusing to direct the payment of the fees claimed by them. Clearly the court was justified in finding that the appeals of the administrator were taken, not for the benefit of the estate, but rather for the purpose of diminishing it. The judgment of the lower court must be affirmed.

Affirmed.

---

[2] In re Estate of Weisberg, 242 Minn. 150, 64 N. W. (2d) 370.