IN RE ESTATE OF ANNA G. HEALY.
WILLIAM L. HURSH v. NICHOLAS E. THEIS.

76 N. W. (2d) 677.

April 27, 1956—No. 36,777.

*William L. Hursh,* pro se, for appellant.
*Joseph L. Nathanson* and *Philip J. Levy,* for respondent.

DELL, CHIEF JUSTICE.

This is an appeal from a summary judgment entered in the District Court of Hennepin County which denied the claim of the claimant for attorney's fees and for expenses and disbursements incurred by him in his attempt to sustain a will signed by the decedent, Anna G. Healy.

On August 25, 1943, decedent executed what purported to be her last will and testament. At the time of her death on January 22, 1952, she left surviving as her heirs at law—her brother, Edgar E. Edgerly; a nephew, Nicholas E. Theis; and a niece, Ada Mauer. Her estate, consisting chiefly of cash and securities, was in excess of $23,000. By her purported will she bequeathed $1,000 to her brother; $1,000 jointly to Henry L. Loesch and Ava L. Loesch, who were friends of the family; and the entire residue was left to her attorney, William L. Hursh, the claimant in the instant case, who was also named executor in the will.

The heirs all filed objections to the allowance of the will on the grounds: (1) That decedent lacked testamentary capacity to make a will and (2) that the will was void because of undue influence exercised upon the decedent by the claimant and his wife. The legatee Ava L. Loesch waived her legacy, renounced the will, and testified against its allowance. The probate court of Hennepin County disallowed the will upon both of the grounds stated. On appeal to the district court, it was found that the will was not procured through the exercise of undue influence, but it was also found that the decedent lacked the testamentary capacity to make it and it was again disallowed. On appeal to this court, the decision of the district court was in all respects affirmed.[1]

---

[1] In re Estate of Healy, 243 Minn. 383, 68 N. W. (2d) 401.

Thereafter claimant filed a claim in the probate court against the estate of decedent in the sum of $14,002, which sum he claimed was due him for his services and those of his attorney and also for his other costs and disbursements incurred in his unsuccessful efforts to sustain said will. The claim was disallowed by the probate court in its entirety. Claimant appealed to the district court, whereupon respondent moved for summary judgment upon the grounds that the files and records in the instant case as well as those in the will-contest case showed that there was no genuine issue as to any material fact and that respondent was entitled to judgment as a matter of law. Respondent's motion for summary judgment was granted, and from the judgment so entered this appeal was taken.

■ Claimant bases his claim for attorney's fees, expenses, and disbursements on M. S. A. 525.49, which reads in part as follows:

"When any person named as executor in a will or codicil defends it or prosecutes any proceedings in good faith and with just cause, for the purpose of having it admitted to probate, whether successful or not, or if any person successfully oppose the allowance of any will or codicil, he shall be allowed out of the estate his necessary expenses and disbursements in such proceedings together with such compensation for his services and those of his attorneys as the court shall deem just and proper."

The right of an executor named in a will to recover his expenses incurred in an unsuccessful effort to sustain the will did not exist in this state prior to the enactment of L. 1921, c. 210, § 1.[2] By that statute it was provided that "whenever a person named as executor in any will or codicil" defended the same, whether "for the purpose of having it admitted to probate," or as otherwise provided in the statute, the "court may allow" him out of the estate his reasonable

[2]See Kelly v. Kennedy, 133 Minn. 278, 158 N. W. 395, L. R. A. 1917A, 448, and Minnesota Loan & Trust Co. v. Pettit, 144 Minn. 244, 175 N. W. 540, 7 A. L. R. 1496, where this court held that since there was no duty on a named executor to secure probate of the will, therefore, even though he acted in good faith, he was not entitled to his expenses incurred in an unsuccessful effort to sustain the will.

attorney's fees, expenses, and disbursements incurred in such proceedings, whether successful or not. The statute provided, however, that such expenses and attorney's fees were not to be allowed "if it appear that such actions or proceedings were prosecuted or resisted without just cause." In revising the probate code in 1935, the legislature, by L. 1935, c. 72, § 118, amended the prior statute to read as it now does in that portion of § 525.49 above set forth. It should be noted that under the 1935 laws the word "shall" was substituted for the word "may" and the test of good faith was specifically included. By the use of the word "shall" in place of the word "may," it seems clear that the legislature intended that an allowance in a reasonable amount was to be mandatory rather than discretionary, provided the proceedings were taken "in good faith and with just cause."

██ Respondent contends, however, that, since claimant was the principal legatee of the will, the litigation which he carried on in this case was for his sole personal gain and benefit and was not beneficial to the estate; that the statute was never intended to cover or permit an allowance in such a situation; and that the district court was right in concluding as a matter of law that such litigation was not carried on "in good faith" and "with just cause."

This contention of the respondent fails to recognize the full scope of the executor's function and duties. The executor has been characterized by this court as the " 'minister or dispenser of the goods of the dead,' proceeding exclusively *in auter droit*—in the right and title of his decedent."[3] In the case of In re Estate of Boese, 217 Minn. 583, 585, 15 N. W. (2d) 16, 17, in discussing § 525.49, we stated:

"* * * The statute specifically limits recovery to any person named as an executor in a will or codicil. *It is the duty of any person named as executor in a will or codicil to do all things in his power to sustain the will.* He has been properly termed the champion of the will. That clearly is the reason the legislature provided for the

---

[3]Lamoreaux v. Higgins, 171 Minn. 423, 425, 214 N. W. 267, 268; 7 Dunnell, Dig. (3 ed.) § 3564c.

payment of his attorneys' fees, expenses, and compensation, win or lose." (Italics supplied.)

Thus, the executor, acting in good faith, is under a duty to see that the assets constituting the testator's estate are not diverted from the course prescribed by the testator.

In allowing any person[4] named as executor in the will his expenses and disbursements, including attorney's fees incurred in unsuccessfully defending the will, § 525.49 requires only that he prosecute such proceedings in *"good faith and with just cause."* (Italics supplied.) Nothing is stated in the statute specifically prohibiting an executor, who is beneficially interested in the estate, from coming within its provisions. Moreover, pecuniary interest under a will does not disqualify a person from performing the duties of an executor, nor are those duties affected in any way by the fact that the will benefits the executor alone. We believe that the only reasonable interpretation of "good faith and with just cause," as used in § 525.49, relates and pertains to the executor's honest, even though mistaken, belief in the validity of the will.[5]

Respondent cites certain testimony from the record in the will-contest case previously before us[6] and contends that it establishes that claimant actively participated in the preparation and execution of the will and that he attempted to disguise and conceal such activity. This testimony, respondent asserts, requires a finding of lack of good faith on the part of claimant. At most such testi-

---

[4]Prior to the revision of the probate code in 1935 the statute read "whenever *a* person named as executor" but that was changed by L. 1935, c. 72, § 118, to read "Whenever *any* person named as executor." (Italics supplied.) It is entirely possible that by the use of this broader language the legislature intended to make certain that the right to an allowance under M. S. A. 525.49 would be denied only in those cases where the proceedings were not taken in good faith or with just cause.

[5]See Williams v. Hankins, 79 Colo. 237, 240, 245 P. 483, 484, where the court stated: "He [the executor] acted in good faith if he honestly believed the will valid. * * * Good faith is an ultimate fact. It means honest belief." See, also, Annotation, 40 A. L. R. (2d) 1407, 1427.

[6]In re Estate of Healy, 243 Minn. 383, 68 N. W. (2d) 401.

mony presents a disputable issue of fact which, although having definite bearing on the executor's "good faith," cannot properly be decided on a motion for summary judgment.[7]

While the fact that an executor has a personal interest in sustaining the will is a factor to be considered on the issue of "good faith and with just cause" in determining his right to an allowance, it does not in and of itself necessarily preclude him from receiving an allowance out of the estate for reasonable attorney's fees and other expenses and disbursements incurred in defending the will against attack.[8] Good faith or honest belief in a case such as this is incapable of precise definition. It presents a material question of fact which depends upon many circumstances and conditions.[9] An examination of the record before us fails to disclose any undisputed or conclusive evidence establishing that claimant at any time in the course of the will-contest litigation did not believe that the will was valid. Thus, under these circumstances, the question of the executor's good faith in his unsuccessful efforts to sustain the will cannot be decided adversely to him on a motion for summary judgment solely because he was, in effect, the principal beneficiary under the will but, rather, must be determined by the lower court as a question of fact.

The instant case is not controlled by our decision in In re Estate of Boese, 217 Minn. 583, 15 N. W. (2d) 16, as respondent contends. In that case, after the executor named in the will had dismissed his appeal, the sole legatee under the will was permitted to reinstate the appeal, and she was substituted for the named executor in the

[7]Rule 56.03, Rules of Civil Procedure.

[8]See, Lassiter v. Travis, 98 Tenn. 330, 39 S. W. 226; In re Will of Jewe, 201 Iowa 1154, 208 N. W. 723; Huff v. Huff, 132 Tex. 540, 124 S. W. (2d) 327; In re Sheperd's Estate, 152 Ore. 15, 43, 41 P. (2d) 444, 49 P. (2d) 448, 454; Williams v. Hankins, 79 Colo. 237, 245 P. 483; Matter of Everman, 279 App. Div. 843, 109 N. Y. S. (2d) 669; 33 C. J. S., Executors and Administrators, §§ 225a, 226d.

[9]See Sviggum v. Phillips, 217 Minn. 586, 15 N. W. (2d) 109, where we held that whether landlord proceeded in good faith under OPA rent regulation to recover possession of premises from tenant for use as a personal dwelling presented a question of fact for the jury.

prosecution of an unsuccessful appeal to this court in an effort to sustain the will. In our opinion in that case we decided *only* that § 525.49 did not apply to anyone other than the person named as executor in a will or codicil. We stated specifically that that was the basis of our decision, and we purposely refrained from discussing or considering the question of whether the will contest was commenced and completed in good faith and with just cause. Nor is our decision in In re Estate of Weisberg, 245 Minn. 399, 72 N. W. (2d) 363, controlling or helpful in the instant case. That case did not involve § 525.49 and concerned an administrator, not an executor named in a will.

While some of the decisions from other jurisdictions relied upon by respondent might seem to support their position in the instant case,[10] they are distinguishable in that none of them were based upon a statute similar to § 525.49.[11] The courts in those jurisdictions seem to base their decisions on the reasoning that, where the executor had an interest under the will, he was acting solely for his own benefit rather than for the benefit of the estate. That position can, by no means, be considered the "majority view."[12] Moreover, § 525.49 does not speak in terms of "benefit" but rather requires only that the defense of the will be conducted in good faith and with just cause. The mere fact that the executor is beneficially interested in

[10] See, Daly v. Moran, 256 Ky. 280, 75 S. W. (2d) 1041; In re Estate of Charles, 123 Neb. 630, 243 N. W. 847 (it should be noted, however, that in this case the court referred to the fact that the executor persisted in seeking to establish the will after he had knowledge of its revocation).

[11] Some of the cases relied upon by the respondent can also be distinguished on the ground that they were premised on the reasoning that the executor as such has no part to play in contests between heirs, devisees, or legatees, disputing the distribution of the estate (Estate of Pryor, 51 Cal. App. [2d] 735, 125 P. [2d] 511; Weir v. Weir, 28 Ohio Cir. Ct. 199), or that the executor had exercised undue influence over the testator in the procuring of the will (In re Estate of Jenkins, 245 Iowa 939, 65 N. W. [2d] 92).

[12] See 2 Page, Wills, § 706, p. 369, stating: "In jurisdictions in which attorney's fees may be awarded to an executor who is not interested in the will, there is a division of authority as to whether the fact that the executor is also a beneficiary should affect his right to attorney's fees."

the estate does not in and of itself necessarily mean that in defending the will against attack he is not proceeding in good faith and with just cause.

From what has been said it follows that the final disposition of this case depends upon the determination of a question of fact, namely: Whether the claimant, although unsuccessful, defended the will in "good faith and with just cause." It was not a proper case to be decided on a motion for summary judgment. If there should be a finding on the facts in favor of the claimant, he would be entitled to an allowance out of the estate only in such an amount as the court "shall deem just and proper."

We do not wish to be understood as indicating that claimant is entitled to an allowance. There are circumstances shown by the record which tend to cast doubt on the question of whether he proceeded in "good faith and with just cause." Moreover, it appears from the face of the claim itself that it is grossly excessive and unreasonable. We do not find fault with the result reached by the lower court but rather with the method used in reaching that result.

Reversed and remanded for further proceedings consistent with this opinion.