BURT RENNE, JR., v. DEAN GUSTAFSON,
d.b.a. REDWOOD LOUNGE.
ROBERT HOLEN, THIRD-PARTY DEFENDANT.

194 N. W. 2d 267.

January 28, 1972—No. 42584.

*Wangensteen & Perry* and *Stewart R. Perry,* for appellant.
*Mordaunt, Walstad, Cousineau & McGuire* and *John H. Mordaunt,* for respondent.

RONALD E. HACHEY, JUSTICE.*

Plaintiff appeals from an order denying his motion for a new trial. We affirm.

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

On the day in question, plaintiff was a customer at a bar called the Redwood Lounge, owned by defendant, Dean Gustafson. Plaintiff claimed he was injured by being suddenly pushed by a close friend, Robert (Bobo) Holen. Prior to the incident, plaintiff and Holen had been drinking together in the bar. The drinking extended over a period of several hours, during which time plaintiff had opportunity to observe Holen's belligerent behavior toward others. This behavior included Holen's chasing two people out of the bar, talking loudly, and engaging in "horseplay" with plaintiff. Approximately an hour before the incident, a bartender had told Holen that he did not want any more "grief" in the bar, which resulted in Holen's being more orderly up to the time of the incident. The injury occurred as plaintiff walked toward the rear of the bar. In passing Holen, plaintiff was caused to spin or turn around and fall. As he fell, his leg was broken. Upon a review of the record, it appears there are three versions of what caused him to fall. An independent witness testified that as plaintiff passed by Holen, Holen suddenly and unexpectedly grabbed plaintiff and spun him around, thus causing the fall against a cigarette machine. Plaintiff, in two instances, confirmed that version. Robert Scott, a bartender, testified that before plaintiff was injured there was "horseplaying." It appeared to be playful and was participated in by both plaintiff and Holen. As they moved back, Holen suddenly lunged and both men went down. The third version is an account of what happened as related by plaintiff to police officers who were called to the bar following the accident, to employees at General and Fairview Hospitals, and to a medical doctor. This version was to the effect that plaintiff left the bar to go to the restroom. As he was walking to the rear, someone called his name. As he turned around in response thereto, something snapped in his leg and he went down. Plaintiff later stated that he had given this version of what had happened so as to avoid causing any trouble for Holen. All eyewitnesses agreed that the action was sudden and without warning. The bartender on duty at the time testi-

fied that it happened so fast he had no opportunity to intervene.

Plaintiff brought an action against the owner of the bar, Gustafson, alleging that the bar owner's agents were negligent in failing to maintain order, in serving beer to someone already obviously intoxicated, and in failing to order Holen from the premises following altercations with other bar patrons. Holen was joined by defendant as third-party defendant. The jury returned a special verdict, finding that both plaintiff and defendant were negligent but that their negligence did not proximately cause the accident. The jury also found that plaintiff assumed the risk. Pursuant thereto, the trial court ordered judgment for defendant. Plaintiff moved for a new trial and appeals from the denial thereof.

The issues raised involve (1) whether the defense of assumption of risk should be retained as a separate defense or be treated as a form of contributory negligence under the comparative negligence statute; (2) whether defendant's negligence was a proximate cause as a matter of law; and (3) whether the trial court committed reversible error by allowing testimony, over objection, concerning plaintiff's propensity for fighting.

■ The issue of retention or rejection of assumption of risk was decided in Springrose v. Willmore, 292 Minn. 23, 192 N. W. 2d 826 (1971), in which it was held that secondary assumption of risk is to be recast as an aspect of contributory negligence and must be apportioned under our comparative negligence statute. The decision is prospective in effect, with application to those causes of action arising after December 10, 1971. We do not, however, dispose of the instant matter upon that decision. We direct our attention to the jury's findings that defendant was negligent but that such negligence was not the proximate cause of the accident.

Disposition of the issue of whether or not defendant's negligence was the proximate cause of plaintiff's fall depends upon which version of how the accident happened is to be accepted. Apparently the negligence of defendant consisted of the bartend-

er's not ordering Holen to leave the premises. From the record, it does not appear that immediately prior to plaintiff's fall, defendant's bartender was alerted to any serious danger or misconduct on Holen's part. Holen had been warned about an hour before the incident that there was to be no more "grief" in the place. Except for his engaging in "horseplay," the record is devoid of a showing of any further warning or notice that Holen would not comply with the bartender's admonition. Hindsight would suggest that had Holen been removed instead of being warned, the accident might never have happened. All eyewitnesses testified, however, that whatever happened was sudden and without any prior warning. There is ample evidence to support a finding by the jury that because of the spontaneity of the scuffle or fall, any negligence on the part of the bartender was not a proximate cause of plaintiff's fall. To hold that finding inconsistent would require that we substitute our findings for those of the jury. We would further be required to declare which of the three versions of how the accident happened should be adopted, and why each of the other two should be rejected. In view of the inferences to which the facts are susceptible, the issue of whether defendant's negligence was a proximate cause of the injury to plaintiff was for the jury's determination. See, Johnson v. Evanski, 221 Minn. 323, 22 N. W. 2d 213 (1946); Kilbane v. County of Ramsey, 292 Minn. 86, 193 N. W. 2d 301 (1971).

The record also supports a finding that the assumption of risk did not concern any negligence on the part of the bartender, rather, the risk was part of "horseplaying" or scuffling with Holen, a person known by plaintiff to be belligerent and somewhat dangerous. The jury's answer was not only not perverse but was based upon sound logic and thorough consideration of the testimony. Hence, the finding of plaintiff's assumption of risk had no impact upon the verdict.

■ Under cross-examination plaintiff was asked, over objection, about his conduct in engaging in fights at other times prior

to the incident at the bar. He claims this did not go to his reputation and thus resulted in prejudicial error. The trial court allowed such evidence because in its opinion it went to the question of risk, i. e., whether plaintiff had knowledge of the risk, whether he appreciated the risk, whether he had a chance to avoid the risk or chance it, and whether he voluntarily chose to chance it. Plaintiff, on the one hand, claims defendant knew of the possible belligerent propensity of Holen and failed to use reasonable care for the protection of patrons, which negligence proximately caused the injury; and, on the other hand, in spite of the fact that he (plaintiff) knew Holen as well, or perhaps better, than anyone else present, plaintiff claims there was no risk or danger in engaging Holen in "horseplay," a scuffle, or a fight. We find difficulty in accepting that type of two-sided argument.

When and under what circumstances evidence may or may not be received in the face of an objection as to remoteness or relevancy rests in the discretion of the trial court and is not grounds for reversal or a new trial unless it clearly appears that there has been an abuse of that discretion. The ruling of the trial court here was correct.

The order denying plaintiff's motion for a new trial is affirmed.

Affirmed.

MR. JUSTICE TODD, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.