PETER J. BEASY AND ANOTHER v.
JOHN MISKO AND ANOTHER.

211 N. W. 2d 881.

November 2, 1973—No. 43956.

*Paul A. Kyyhkynen* and *Warren H. Puelston,* for appellants.
*Louis J. Moriarty* and *Michael J. Mollerus,* for respondents.

Heard before Knutson, C. J., and Kelly, Todd, and Scott, JJ., and considered en banc.

PER CURIAM.

Defendants appeal from a denial of their alternative motion for judgment notwithstanding the verdict or for a new trial. The jury by a five-sixths verdict determined that a warranty deed given by plaintiffs to defendants was in effect and in fact a mortgage, part of a loan transaction, and not an absolute sale. We affirm.

The testimony offered by the parties in this case was diametrically opposed as to the circumstances giving rise to the delivery of the warranty deed. It is not necessary to state in detail their respective positions as to the facts. Suffice it to say that the evidence offered by plaintiffs was sufficient to overcome the presumption that a deed absolute on its face is an absolute conveyance; that plaintiffs' evidence satisfied their burden of establishing that the deed was given as security for a loan; and that the proof offered was clear, strong, and convincing. In examining the verdict, the evidence must be considered in the light most favorable to the prevailing party and the verdict must be sustained if it is possible to do so on any reasonable theory of the evidence. Thus, the verdict should not be disturbed unless it is manifestly and palpably contrary to the evidence. Hestad v. Pennsylvania Life Ins. Co. 295 Minn. 306, 204 N. W. 2d 433 (1973).

Defendants further contend that the trial court erred in excluding testimony as to the purchase price of the property when acquired by plaintiffs. The trial court in its discretion properly excluded this evidence. Renne v. Gustafson, 292 Minn. 218, 194 N. W. 2d 267 (1972).

Finally, defendants contend that the five-sixths verdict which was rendered 6 hours and 10 minutes after the case was submitted to the jury deprived them of a fair trial. In support of this contention, they point out that the jurors during this time period were conducted by the bailiffs to a restaurant for an evening meal. Our court has previously determined that deliberation is not necessarily restricted to discussion and that in computing the time a jury is deliberating a case, it is proper

to include time spent for dinner. Hurlburt v. Leachman, 126 Minn. 180, 148 N. W. 51 (1914); In re Estate of Healey, 243 Minn. 383, 68 N. W. 2d 401 (1955).

Affirmed.