STATE of Minnesota, City of West St. Paul, Respondent,

v.

James MOORE, Appellant.

No. C6–85–1074.

Court of Appeals of Minnesota.

Feb. 18, 1986.

Hubert H. Humphrey, III, State Atty. Gen., St. Paul, Arnold E. Kempe, City Atty. for W. St. Paul, West St. Paul, for respondent.

Larry E. Reed, Minneapolis, for appellant.

Considered and decided by WOZNIAK, P.J., and SEDGWICK and FORSBERG, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Appellant James Moore was convicted by the court of theft in violation of Minn. Stat. § 609.52, subd. 2(1) (1984). He was sentenced to 90 days in jail and a $500 fine. The court stayed 30 days of the sentence and placed appellant on probation subject to conditions. Moore appeals his conviction. We affirm.

## FACTS

Security guard David Klotz was working at a Country Club Market on south Robert Street in West St. Paul on July 7, 1984. Late in the afternoon he observed appellant near the checkout lanes. He watched appellant because he appeared nervous and fidgety.

Klotz noted that appellant had several items, including a stick of deodorant in the "clutch portion" of his shopping cart. He saw appellant remove an item the size and shape of the deodorant and put it down the front of his pants. Appellant then bought several other items and left the store.

Klotz followed appellant out of the store. He identified himself as a security guard and asked appellant to return to the store with him. As they walked back into the store, Klotz noticed appellant shifting his bag of groceries. He then saw that appellant had a stick of deodorant in his hand.

Klotz informed the store manager of what had occurred. The police were then called and appellant was arrested.

Before trial, appellant moved to remove the prosecutor for prejudice because two years earlier he had been involved in a civil suit in which the prosecutor represented the other party. Appellant won that suit. Appellant claims the prosecutor racially slurred him at that time. The prosecutor denied the allegations.

## ISSUES

1. Did the trial court err by denying appellant's motion to remove the prosecutor?

2. Is the evidence sufficient to support appellant's conviction?

3. Was failure to order a presentence investigation an abuse of discretion?

4. Was the sentence imposed an abuse of discretion?

## ANALYSIS

1. Appellant argues that the charge should have been dropped and that the case was pursued only because the prosecutor was prejudiced against him.

We find nothing in the record to suggest prejudice or bad faith on the part of the prosecutor. On the contrary, it appears that the prosecutor pursued the conviction in good faith and with the belief that he could prove the charge made.

Appellant's reliance on *State v. Fratzke*, 325 N.W.2d 10 (Minn.1982), is misplaced. That case deals with "the advocate witness rule." The rule precludes testimony by counsel because of the potential impact on the jury.

The prosecutor did not testify in this case. He did make statements to the court prior to sentencing. Such statements are specifically authorized by Minn.R.Crim.P. 27.03, subd. 3.

The trial court's denial of appellant's motion to remove the prosecutor was not error.

 2. Appellant next argues that the evidence is insufficient to support his conviction. Minn.Stat. § 609.52, subd. 2(1) (1984), provides that one commits theft if he:

> Intentionally and without claim of right takes, uses, transfers, conceals or retains possession of movable property of another without his consent and with intent to deprive the owner permanently of possession of the property * * *.

Upon review of a claim of insufficient evidence, the question is whether, based on the facts of record and the inferences that can be drawn from the facts, a jury could reasonably conclude that the defendant was guilty. *State v. Turnipseed*, 297 N.W.2d 308, 313 (Minn.1980) (quoting *State v. Merrill*, 274 N.W.2d 99 (Minn.1978)). The verdict will not be disturbed if the jury, giving due regard to the presumption of innocence and proof beyond a reasonable doubt, could reasonably have found the defendant guilty. *Id.* Furthermore, the evidence must be viewed in the light most favorable to the verdict. *Id.*

The standards applicable to a jury verdict also apply to a court trial. *State v. Mytych*, 292 Minn. 248, 251–52, 194 N.W.2d 276, 279 (1972) (citations omitted).

The evidence is sufficient to support appellant's conviction. The record and the inferences that can be drawn therefrom support a finding of guilt.

3. Minn.Stat. § 609.115, subd. 1 (1984), provides:

When a defendant has been convicted of a misdemeanor or gross misdemeanor, the court *may* * * * before sentence is imposed, cause a presentence investigation * * * to be made * * *.

(emphasis added).

In misdemeanor cases, a presentence investigation is discretionary. Refusal to order a presentence investigation was within the trial court's discretion.

 4. Appeals from misdemeanor sentences are not appeals as of right. Minn.R. Crim.P. 28.02, subd. 2(3). Appellant did not petition for discretionary review pursuant to Rule 28.02, subd. 3, and we do not address this issue.

### DECISION

The trial court's decision is affirmed.