**STATE of Minnesota, Respondent,**

**v.**

**Floyd BYMAN, Appellant.**

**No. C1-86-1851.**

Court of Appeals of Minnesota.

Aug. 25, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael J. Dolan, Alexandria, for respondent.

John E. Mack, New London, for appellant.

Heard, considered and decided by POPOVICH, C.J., and PARKER and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

Appellant was convicted of violating the Minnesota public nuisance statute and a city ordinance prohibiting maintenance of a junk yard. He was fined $700 and sentenced to 90 days in jail, a portion of which sentence was stayed on the condition that he clean up the property within 30 days. We affirm.

## FACTS

Appellant Floyd Byman was charged by complaint with violations of Wheaton City Ordinances prohibiting maintenance of a junk yard and the Minnesota public nuisance statute, Minn.Stat. § 609.74 (1986). Counts I and II of the complaint involved property described in the complaint as lot 23, Auditor's Plat 13, City of Wheaton. This property was located at 12th Street and First Avenue and faced Front Street. It was formerly the site of appellant's snowmobile dealership, which had been destroyed by fire, leaving two brick chimneys standing. Appellant used the lot to store snowmobiles and a Diamond truck. Count III involved property which was referred to as the "coal bin" property.

Prior to trial, the court sustained appellant's objection to the State's introduction of various photographs of the lots in question on the grounds that the photos had not been produced in accordance with discovery rules. The court also rejected, for the same reason, appellant's request to introduce photographs of other "unsightly" locations in Wheaton.

During the trial, appellant took the stand and testified that the "coal bin" lot was not a health hazard. The State then moved to introduce photographs of the lot. The trial court, over objection, allowed the State to introduce the coal bin photos. Appellant then moved to introduce his photos of other "unsightly" areas of the city. The trial court refused to admit appellant's photos, sustaining the State's objections based on relevancy and untimely disclosure.

Appellant was convicted of Counts I and II involving the Front Street property, and acquitted of Count III, involving the coal bin property. Appellant was sentenced to 90 days and a $700 fine, the court staying the jail term and $500 of the fine, on the condition that appellant clean up the lot within 30 days.

## ISSUES

1. Did the trial court err in admitting the State's photos and refusing to admit appellant's photos into evidence?

2. Was the erroneous legal description of the lot in the complaint charging appellant with creating a public nuisance error mandating a new trial?

3. Was appellant's sentence to the maximum penalty provided by law inappropriate?

## ANALYSIS

### I.

Appellant argues that he is entitled to a new trial because the trial court erred in admitting the photographs offered by

the State while denying admission of photographs offered by him.

A defendant claiming error in the trial court's reception of evidence has the burden of showing both the error and the prejudice resulting from the error. *State v. Loebach,* 310 N.W.2d 58, 64 (Minn.1981). Reversal is warranted only when the error substantially influences the jury to convict. *State v. Darveaux,* 318 N.W.2d 44, 48 (Minn.1982). *See also State v. Blanchard,* 315 N.W.2d 427, 431 (Minn.1982) (erroneous admission of evidence not reversible error unless highly prejudicial).

In this case, appellant objects to introduction of the "coal bin" site photos. Significantly, appellant was acquitted of the charges relating to the coal bin property. Without discussing whether it was error to admit the photos, it is clear this evidence did not prejudice appellant. Consequently, appellant is not entitled to a reversal based on admission of the coal bin property photos into evidence.

■ Appellant argues further that if the State's photos were properly admitted, then exclusion of his photos of other "unsightly" areas of the city was error. Appellant contends that since the charges he faced involved the question of whether he maintained a condition offensive to a considerable number of members of the public,[1] he had a constitutional right to introduce evidence pertaining to Wheaton's community standards.

Generally, rulings on the admissibility of evidence are left to the discretion of the trial court, and will not be disturbed absent an abuse of that discretion. *Colby v. Gibbons,* 276 N.W.2d 170, 175 (Minn.1979); *Renne v. Gustafson,* 292 Minn. 218, 223, 194 N.W.2d 267, 270 (1972). The trial court's ruling on the inadmissibility of appellant's photos was not an abuse of that discretion.

## II.

Appellant argues that his conviction should be reversed because a misdescription in the complaint led the jury to convict him for a violation of the wrong lot. The complaint itself charged appellant with maintaining a public nuisance and labeled no specific lot. The probable cause portion of the complaint, however, identified one of the lots as lot 23 when, in fact, the legal description of the lots complained of was lots 2–5. Appellant claims the charge was not sufficiently definite to give him notice as to the objectionable conduct and what he must defend against, and that the evidence of a violation on lots 2–5 did not conform to the jury's finding of a violation on lot 23, so the verdict was contrary to the evidence and cannot stand.

■ In addressing appellant's argument, it is important to note that the statute under which appellant was charged does not require that the specific lot complained of be identified in the charge. *See* Minn. Stat. § 609.74. Further, appellant admits that "the wording of the Complaint, standing alone, does not preclude a finding that [appellant] was guilty of a crime on Lots 1 through 5." Appellant claims it was the accompanying material, including the probable cause portion of the complaint, which made the charge misleading.

Minn.Stat. § 628.12 (1986) lists requirements of an indictment as follows:

The indictment shall be direct and certain as it regards:

(1) The party charged;

(2) The offense charged;

(3) The particular circumstances of the offense charged, when they are necessary to constitute a complete offense.

*Id.* In addition, this state's constitution provides that in all criminal prosecutions the accused "shall enjoy the right to be

---

1. Appellant was charged with violation Minn. Stat. § 609.74 (1986), which states in relevant part:

Whoever by an act or failure to perform a legal duty intentionally does any of the following is guilty of maintaining a public nuisance, which is a misdemeanor:

(1) Maintains or permits a condition which unreasonably annoys, injures or endangers the safety, health, morals, comfort, or repose of any considerable number of members of the public; * * *.

*Id.*

informed of the nature and cause of the accusation." Minn. Const. art. 1, § 6. The purpose of this provision has been previously discussed by the supreme court.

It is "that the accusation, whether by indictment or information, must be sufficiently specific fairly to apprise the accused of the nature of the charge against him, that he may know what to answer, and be prepared to meet the exact charge against him, and that the record may show, as far as may be, for what he is put in jeopardy."

State v. Eich, 204 Minn. 134, 139, 282 N.W. 810, 814 (1938) (quoting State v. Nelson, 74 Minn. 409, 414, 77 N.W. 223, 225 (1898)).

■■■ The governing rule is that a conviction will not be invalidated unless the claimed defect or imperfection in the complaint "is of such a nature that it misled the defendant as to the nature of the offense charged to the prejudice of his substantial rights." State v. Pratt, 277 Minn. 363, 366, 152 N.W.2d 510, 513 (1967). Review is based on the harmless error standard so that the defendant claiming error must show prejudice. Id. In addition,

Though indictments are construed strictly and no intendments indulged in support thereof, *a reasonable interpretation of the language employed in stating the offense is always permissible, particularly in respect to matters of description* or inducement.

State v. Minneapolis Milk Co., 124 Minn. 34, 38, 144 N.W. 417, 418 (1913) (emphasis added).

Here, the charge in the complaint was maintaining a public nuisance. Throughout trial, the property which was the subject of Counts I and II of the complaint was variously described as the property on "12th and 1st," the site of the old snowmobile dealership, and the site of the two standing chimneys and the Diamond truck. It is clear from a reading of the transcript, that appellant was completely aware of what he was defending against. In his testimony, appellant himself described the lot cited for a violation as the Front Street property, containing the standing chimneys and the Diamond truck. Appellant admit-

ted he had only one property with standing chimneys. In addition, there was and is no question that appellant owned the Front Street property. Appellant is not claiming to have been convicted of public nuisance in relation to a lot he did not own. Rather, he is pointing to a mistake in the legal description of the property and claiming that it prejudiced him by forcing him to direct his entire defense to proving the lot was misidentified by the State.

If, as appellant claims, he chose to base his entire defense on proving the State had identified the lot by the wrong number, then his defense was misdirected, but this does not constitute the type of "substantial prejudice" which would mandate reversal. Appellant's defense, however, involved much more than an attempt to point out the State's error. A substantial portion of appellant's defense involved an attempt to rebut the claim that the Front Street property was a public nuisance. Clearly, the problem with the complaint in this case did not prejudice appellant's substantial rights upon the merits and is not a basis for reversal.

### III.

The trial court sentenced appellant to 90 days and $700, the maximum sentence allowed by law. The court stayed the jail term and $500 of the fine provided appellant clean up the First Street property within 30 days. Appellant objects to this sentence as inappropriate, in light of the "usual" $200 fine imposed for such an offense, and asks that this court modify the sentence accordingly.

■■■ Since an appeal from a misdemeanor sentence is not an appeal as of right under Minn.R.Crim.P. 28.02, subd. 2(3) and appellant did not petition for discretionary review pursuant to rule 28.02, subd. 3, this court need not address this issue. State v. Moore, 381 N.W.2d 515, 517 (Minn.Ct.App. 1986). Regardless, we note that appellant's sentence was within the law and was therefore appropriate. Minn.Stat. §§ 609.-02, subd. 3 and .74 (1986). See also State v. Lambert, 388 N.W.2d 34, 37 (Minn.Ct. App.1986), pet. for rev. denied (Minn. July

31, 1986) (trial court has great discretion when it imposes a sentence authorized by law, and an appellate court cannot omit or amend such a sentence).

### DECISION

The trial court did not commit reversible error by admitting the State's photos of appellant's property into evidence while excluding appellant's photos of other sites within the city. Misidentification of the lot which was the subject of appellant's public nuisance violation was not reversible error. Appellant's misdemeanor sentence was appropriate for the conviction.

Affirmed.