## W. D. KELLY v. DANIEL C. KENNEDY.[1]

June 16, 1916.

Nos. 19,776—(166).

**Executor — expense of litigation over validity of will.**

> The law does not cast upon the person nominated executor in a will the legal duty of procuring its probate; and such person, though acting in good faith, is not entitled to payment out of the fund for his services and expenses in an ultimately unsuccessful effort to probate the will against a contest by the heir upon the ground of want of testamentary capacity, though he is successful in the first instance in securing its allowance in the probate court.

In the matter of the estate of Catherine Myler, deceased, W. D. Kelly, as executor of the last will and testament of testatrix, presented his final account to the probate court for Ramsey county for allowance. Daniel C. Kennedy, representative of the estate, and Mary Kennedy, sole heir at law of decedent, appealed to the district court for that county from the order allowing the account. The appeal was heard before Dickson, J., who made findings and reversed the order of the probate court as to the items pertaining to the litigation mentioned in the opinion, and remanded the matter to the probate court with instructions to surcharge the final account in the total sum of $2,248.87. From the order denying the executor's motion to amend the conclusions of law or for a new trial, he appealed. Affirmed.

*Thomas C. Daggett,* for appellant.

*Douglas, Kennedy & Kennedy,* for respondent.

[1]Reported in 158 N. W. 395.

DIBELL, C.

Appeal by W. D. Kelly, executor of the estate of Catherine Myler, from an order of the district court denying his motion for a new trial in a proceeding for the allowance of his account.

The appellant, Dr. Kelly, was named executor in the will of Catherine Myler. Mary Kennedy, an adopted daughter, was the sole heir. Katie Quirk, a niece, was the residuary devisee. The will gave $25 to Mary Kennedy. There were no other bequests. Dr. Kelly presented the will for probate. Mary Kennedy contested upon the ground of want of testamentary capacity in the testatrix. The will was allowed in the probate court and the allowance was affirmed in the district court. On appeal there was a reversal. Kennedy v. Kelly, 119 Minn. 531, 137 N. W. 456. Upon the second trial the district court disallowed the will. Upon appeal there was an affirmance. Kennedy v. Kelly, 123 Minn. 259, 143 N. W. 726. The probate court allowed Dr. Kelly for his services and disbursements, including counsel fees incurred in the various proceedings involved in the contest of the will. Upon appeal to the district court the claims of the executor for expenses, services and counsel fees in connection with the contest were disallowed; but an allowance was made for services and expenses and attorneys' fees incurred in conserving the estate. Throughout Dr. Kelly acted in good faith.

Upon this appeal the question is this: Is the executor named in a will, who presents it for probate, and upon whose petition it is allowed in the probate court, it being finally disallowed on appeal, the heir contesting upon the ground of lack of testamentary capacity, entitled to payment out of the fund for services, expenses and counsel fees in his ultimately unsuccessful effort to procure probate?

The cases do not agree. In some instances a local statute or the general policy of the local law affects the result, and in others the nature of the proceeding by which the will is attacked. Sometimes a statute imposes upon the nominated executor the legal duty of procuring the probate or the general law is construed to impose the duty. Such duty does not rest upon the executor in this state. Dr. Kelly was in possession of the will when the testatrix died. It was then his duty to deliver it to the probate court. G. S. 1913, § 7258 (R. L. 1905, § 3667). He owed no further affirmative legal duty. He could petition for probate but the

statute did not command him to do so. G. S. 1913, § 7266 (R. L. 1905, § 3675). Under the circumstances supposed, some cases take the view that the executor is not entitled to payment out of the fund. Executors v. Administrators, 7 Oh. St. 143; Kelly v. Davis, 37 Miss. 76; Shaw v. Moderwell, 104 Ill. 64; In re Estate of Soulard, 141 Mo. 642, 43 S. W. 617; Brown v. Eggleston, 53 Conn. 110, 2 Atl. 321. Others take the view that he is. Henderson v. Simmons, 33 Ala. 291, 70 Am. Dec. 590; Phillips' Exr. v. Phillips' Admn. 81 Ky. 328; Lassiter v. Travis, 98 Tenn 330, 39 S. W. 226; Hazard v. Engs, 14 R. I. 5. This seems to be the English doctrine. Boughton v. Knight, L. R. 3 P. & D. 64. Still others hold that, when the will is once allowed, the position of the executor as the legal representative under a probated will entitles him to payment out of the fund of his expenses in defending it against the attacks of contestants, though he would not have been entitled to payment had the will not been allowed in the first instance and notwithstanding the will is disallowed in subsequent proceedings. Dodd v. Anderson, 197 N. Y. 466, 90 N. E. 1137, 27 L.R.A.(N.S.) 336, 18 Ann. Cas. 738, and cases cited; Bratney v. Curry, 33 Ind. 399; Succession of Morere, 117 La. Ann. 543, 42 South. 132; Doan v. Herod, 56 Ind. App. 663, 104 N. E. 385. In Butler v. Bocock, 160 Ill. App. 501, it is said that the executor must "defend the will in the first court where it is assailed, and he must defend the will until it is once adjudged that it is invalid." In a note to In re Estate of Hentges [86 Neb. 75, 124 N. W. 929], in 26 L.R.A.(N.S.) 757, and in a note to Dodd v. Anderson [197 N. Y. 466, 90 N. E. 1137, 27 L.R.A. (N.S.) 336], in 18 Ann. Cas. 738, the cases are collected and discussed. In both notes the annotators state that the majority rule favors the right of the executor acting in good faith to payment out of the fund for his expenses incurred in an unsuccessful effort to sustain the will. Additional cases illustrating applications of the different views are cited in 22 Cent. Dig. Ex. & Adm. § 451; 9 Dec. Dig. Ex. & Adm. § 111; 49 Cent. Dig. Wills, §§ 877-883; 20 Dec. Dig. Wills, §§ 404-405. Each of the views is supported by well considered arguments.

The right to payment out of the fund is predicated largely upon the legal duty of the nominated executor to procure the probate of the will, or, in case of an appointed executor, upon his legal duty as the representative under an adjudicated will to defend it. As before stated, in this state

no legal duty rests upon the nominated executor to procure probate. Without entering upon a discussion of the cases, we adopt the view taken by the trial court that the executor ultimately unsuccessful, though he acts in good faith, is not entitled to payment out of the fund, and this notwithstanding the will was admitted to probate in the first instance. This view results in a rule working well in practice and on the whole it is as just as any. It is more in harmony than a different one with the general policy of our law, which puts the burden of costs upon the losing litigant, and does not require the winning party to pay his own and his adversary's expenses. There is nothing opposed to this conclusion in Rong v. Haller, 106 Minn. 454, 119 N. W. 405, where it is held that a notice of appeal from the probate court may be served on the executor, or in Burmeister v. Gust, 117 Minn. 247, 135 N. W. 980, holding that an executor presenting a will for probate may appeal from an order denying it. Neither of them makes it the legal duty of the nominated executor to sustain the will nor even indirectly involves the propriety of allowing him costs when unsuccessful.

Order affirmed.