THE MINNESOTA LOAN & TRUST COMPANY, AS EXECUTOR OF THE WILL OF C. H. PETTIT, DECEASED v. DEBORAH M. PETTIT AND ANOTHER.[1]

December 5, 1919.

No. 21,475.

**Will contest — executor not entitled to recover expenses.**

> An executor nominated in a will, though acting in good faith, is not entitled to reimbursement out of funds of the estate for his services, expenses and attorney's fees, in an unsuccessful effort to sustain the will upon appeal, against a contest by the widow and sole heir, on the ground that the will is void under the statute.

[1]Reported in 175 N. W. 540.

After the decision reported in 135 Minn. 413, 161 N. W. 158, mentioned in the fifth paragraph of the opinion, the executor filed in the probate court for Hennepin county its second supplement to its final account. The widow and daughter filed objections to the items mentioned in the sixth paragraph of the opinion. From that part of the order of the probate court, Dahl, J., disallowing the items for legal services, for services of executor, and for expense of administration and court fees, except $51, the executor appealed to the district court for that county. The widow and daughter also appealed. The appeal was heard before Steele, J., who made findings and as conclusion of law found that the executor was not entitled to charge the estate or the funds thereof with any of the items or disbursements objected to, that all of such disbursements and charges should have been disallowed and the order of the probate court modified so as to include in disallowed items the amount of $1,800 allowed, and in all other respects affirmed the order of the probate court. The executor's motion to amend the findings of fact was denied. From the judgment entered pursuant to the order for judgment, the executor appealed. Affirmed.

*Cobb, Wheelwright & Dille* and *J. M. Martin,* for appellant.

*James E. O'Brien,* for respondents.

QUINN, J.

Curtis H. Pettit died intestate May 11, 1914, at his home in Hennepin county, leaving him surviving his widow, Deborah M. Pettit, and their only child, Bessie P. Douglas, who had three minor children. He left a large estate consisting of valuable stocks, bonds, real estate and mineral interests in northern Minnesota, from which large royalties were derived. His will was dated January 22, 1908, in which appellant was nominated executor and trustee. By the terms of the will the entire estate, aside from household furniture, wearing apparel and personal effects, $2,000 for the upkeep of the lots in the cemetery, and $1,000 to a servant, was bequeathed and devised to appellant in trust, to hold, manage and control during the life of his wife, their daughter, her husband and their three children and for 20 years after the death of the survivor of them, when the trustee was to turn over the property and net accumulations thereto to the children of the three children of Mrs. Douglas.

At the time of the execution of the will, Mrs. Pettit indorsed thereon her consent to the provisions thereof. On May 15, 1914, Mrs. Douglas presented the will to the probate court of Hennepin county, and asked that it be admitted to probate. The will was admitted to probate, appellant was appointed and duly qualified as executor and thereafter entered upon the discharge of its duties. At the hearing to admit the will to probate Mrs. Douglas filed notice that she reserved the right to object and contest any provisions of the will.

On June 20, 1914, Mrs. Pettit filed with the probate court a rescission and withdrawal of her consent to the provisions of the will and gave notice of her intention to take, in lieu of the provisions of the will, the share of her husband's estate to which she would have been entitled had there been no will. Appellant opposed this action on the part of Mrs. Pettit. A hearing was had thereon, which resulted in a decree of the probate court in favor of the widow, which was affirmed by this court upon certiorari. 129 Minn. 442, 152 N. W. 845, L.R.A. 1915E, 815.

The executor then proceeded to administer the estate in the usual manner, and on August 6, 1915, filed its final account and asked that the estate be distributed. From such account it appeared that all of the debts, the legacy of $1,000 and the expenses of administration, including $5,993.72 for attorneys' and executor's fees had been paid in full, and that there remained in the hands of the executor for distribution, personal property of the value of $148,038.68, and the real estate, including the mineral holdings.

On January 28, 1916, the probate court made a decree of distribution, adjudging and decreeing that the provisions of the will, except as to the legacy of $1,000, were invalid, inoperative and void as a disposition of real and personal property under the laws of this state; that Deborah M. Pettit, widow of deceased, was entitled to an undivided one-third of the real and personal property then in the hands of the executor, and that Bessie P. Douglas, daughter of deceased, was entitled to two-thirds thereof. The widow and heirs were satisfied with the decree of distribution. The debts and expenses of administration had all been paid. The estate had been fully administered and the property was intact with the executor. The executor then appealed from that part of the decree of distribution which gave the daughter two-thirds of the estate, to the district

court, where an affirmance was had. Thereafter it appealed from the judgment of the district court to this court and the judgment was affirmed. 135 Minn. 413, 161 N. W. 158.

In February, 1917, the executor filed a supplement to its final account, setting forth the receipts and disbursements subsequent to the rendering of the final account, in which it asked credit for $5,000 as executor's fees, $4,900 for legal services and $47.84 for transcripts and printing, all in connection with the two appeals following the decree of distribution.

The widow and daughter objected to the allowance of these items, upon the ground that they were charges for disbursements made by the executor and trustee under an invalid trust, in connection with unsuccessful appeals by it from the decrees of the probate and district courts. The probate court disallowed all of such claims, except that it allowed the executor $1,800 for services in caring for the estate subsequent to the filing of the final decree. Thereupon the executor appealed to the district court from that part of the decree of the probate court disallowing such items, and the widow and daughter appealed from the allowance of the item of $1,800.

In January, 1919, the district court filed its findings of fact and conclusions of law, holding that all the items for which credit was asked were for disbursements in unsuccessful appeals by the executor from the decree of distribution, and affirmed the action of the probate court in disallowing the same and reversed the order allowing the item of $1,800. Judgment was entered accordingly and the executor appealed. No question was raised as to the competency of the testator to make his will nor as to the good faith of the executor throughout.

The question is presented: Is an executor, nominated in a will, entitled to reimbursement from the funds of the estate for services, expenses and counsel fees, in an unsuccessful appeal to sustain the will, the heirs contesting upon the ground that the will is void under the statute of trusts? The identical question, in principle, was passed upon by this court in the case of Kelly v. Kennedy, 133 Minn. 278, 158 N. W. 395, L.R.A. 1917A, 448, Ann. Cas. 1918D, 164. There the executor was nominated in the will, he presented the same for probate, the sole heir contested upon the ground of want of testamentary capacity in the testatrix. The will was allowed in the probate court and the allowance was affirmed

in the district court. On appeal there was a reversal. Upon the second trial in district court the will was disallowed, and upon appeal there was an affirmance. The probate court allowed the executor for his services and disbursements for expenses and counsel fees in connection with the contest of the will. Upon appeal the district court reversed the probate court and disallowed the claims. Throughout, the executor acted in good faith. In that case it was held that no legal duty rested upon the executor to procure probate of the will, and that he was not entitled to payment out of the funds of the estate for such disbursements. No different rule applies in this case, because the contest is upon the ground that the will is void under the statute, and we see no distinction such as would tend to change the rule adopted in the case cited.

Affirmed.

DIBELL, J. (dissenting).

I am unable quite to agree with the result reached. The trust created by the will provided for an accumulation of rents and profits of land. At the expiration of 20 years after the death of the testator's wife and his daughter and her husband and their three children, there was to be a distribution of the proceeds among the testator's three grandchildren and the children of any deceased grandchild by right of representation, and if it so happened that there was no living descendant of the testator's daughter at the expiration of the trust period, the proceeds were to be distributed among the collateral blood relatives of the testator and his wife. This was the clearly stated purpose of the testator. Its consummation was happily prevented by G. S. 1913, §§ 6687, 6688. The will was probated without opposition, the trust company was nominated executor by the will and was appointed by the court and discharged its duties as such. It was also the trustee in the trust created by the devise. In its effort to uphold the trust it sought to bring about the result which the testator wished. The trust provision could not be disregarded. The daughter could not safely take her portion as heir, even if she were allowed to have it, without an adjudication of a competent court that the trust was invalid. The ultimate and uncertain beneficiaries, contemplated by the trust, not born at the time of the death of the testator, could not participate or be represented in the determination of its validity. Still

the testator wished, if there should be beneficiaries within the class defined by him, that they take. His purpose could not be given effect, nor the interests of the possible beneficiaries guarded, unless the executor undertook to maintain the will, for the others were opposed. Its undertaking was in good faith. Under the circumstances it seems to me that it was authorized to take, at the expense of the estate, the opinion of the highest court of the state upon the validity of the trust. The rule stated in Kelly v. Kennedy, 133 Minn. 278, 158 N. W. 395, L.R.A. 1917A, 448, Ann. Cas. 1918D, 164, was advisedly adopted as one likely to work well and it is to be followed. It does not seem to me that allowing the executor fees under the circumstances of this case is opposed to it.

The trust company, in its capacity as executor or trustee, cannot disassociate itself from itself as a private corporation. Whether the fact that the upholding of the trust would result in profit to itself through the long years of administration should affect the amount of the allowance, is not for discussion in this dissent.

HALLAM, J. (dissenting).

I think the better rule is that when a will makes provision for beneficiaries not yet in being, the court may, in its discretion, make allowance out of the estate for the fees of an attorney who in good faith conducts litigation to sustain the will for their benefit. As a practical proposition this seems to be necessary. Otherwise the interests of such beneficiaries could not be protected at all.