R. F. STINSON, APPELLANT, v. J. W. FARRIS, RESPONDENT.[*]

Springfield Court of Appeals.   May 20, 1930.

*Corpus Juris-Cyc References: Executors and Administrators, 24CJ, section 2396, p. 975, n. 78.

*George Smith* and *Elbert L. Ford* for appellant.

*Wammack, Welborn & Cooper* for respondent.

COX, P. J.—This appeal is from the judgment of the circuit court approving a final settlement of J. W. Farris as administrator of the estate of David H. Slankard. The settlement was made in the probate court of Stoddard county and an appeal taken on the question of allowance as compensation to the administrator.

The history of this case is as follows: David H. Slankard was a soldier in the World War. His residence was in Dunklin county, Missouri. He was married and took out war risk insurance in the sum of $10,000 with his wife as beneficiary. He died in the service and the government made monthly payments under its policy to his widow while she lived. The widow remarried and moved with her husband to Stoddard county. Of this marriage three children were born. Afterward the mother died. At her death her husband thought her children had some rights under the insurance policy for the money still unpaid upon it. He induced the appointment by the probate court of Stoddard county of respondent, J. W. Farris, as administrator of the estate of David H. Slankard, the deceased soldier, and the government paid to him as such administrator the balance due on the insurance policy. A few days before Farris was appointed administrator in Stoddard county, the appellant, R. E. Stinson, was appointed administrator of the same estate by the probate court of Dunklin county. Upon learning that Farris had been appointed in Stoddard county and had collected the balance due on the policy from the government, Stinson filed a petition in the probate court of Stoddard county asking that court to revoke the grant of letters to Farris and direct him to pay over the funds in his hands to Stinson. The probate court of Stoddard county refused to revoke the letters issued to Farris. Stinson appealed and upon trial in the circuit court that court found for Stinson and remanded the case to the probate court with directions to revoke the letters to Farris and require him to pay over to Stinson the money in his hands. This judgment was not appealed from and became final. Farris then made final settlement in the probate court of Stoddard county and in that settlement he charged himself with $7543.30 and took credit for $373.80 on the theory that he was entitled to five per cent commission on the money he had received. Exceptions to this settlement were filed by Stinson in which he contended that Farris was not entitled to retain the five per cent commission. The probate court approved this settlement and allowed Farris to retain the commission. The exceptor appealed to the circuit court. That court seems to have taken the position that

Farris was not entitled to a commission but was entitled to compensation for his services for the time he served as administrator and approved the settlement with the exception of the commission item and on that item allowed Farris $350 as compensation. From that judgment the exceptor appealed to this court.

The letters issued to Farris by the probate court of Stoddard county were finally revoked because that court did not have jurisdiction to appoint an administrator of the estate of David H. Slankard whose place of residence at the time of his death was in Dunklin county. The letters issued to Farris by the probate court of Stoddard county were void because that court did not have jurisdiction to issue them. That question was determined by a final judgment of the circuit court.

The record in this case presents this question: Can a person who acts in good faith as administrator under void letters be allowed compensation for his services while so acting? That he could not be allowed the five per cent commission provided by the statute to be paid an administrator on final settlement is clear and is in fact conceded in this case. [Estate of Frey, 52 Calif. 658; In re Myler (Minn.), 158 N. W. 395; State v. Henkle, 45 Ore. 430, 78 Pac. 325-27, 24 C. J. 975.]

If, however, the party acting as administrator under void letters acts in good faith as did this administrator and his services as such results in some benefit to the estate which the estate would not have received but for his action, then he should be compensated for that service, not on the ground of apparent authority to act but on the ground of benefit to the estate. He must preserve something to the estate that would have been lost but for his efforts or have done something for which the legal administrator would have been entitled to compensation over and above the five per cent allowed as commission by the statute, and which service would not be required to be duplicated by the legal administrator after he secured charge of the estate. His appointment being void his acts under it were without legal authority and if he can secure compensation at all it must come about in such a way that a benefit will result to the estate and without duplication of services so that the estate is not required to pay double for the same thing. Applying that test to the facts of this case, it appears that all that Mr. Farris did was to collect the balance of the insurance policy from the government and hold it until forced by judgment revoking his letters to pay it over to the legally appointed administrator. The legal administrator will be entitled on final settlement to the five per cent commission provided by the statute and that would be all he could get if he had collected the money from the government as he would have done had not Farris, under his void appointment, first secured it. The commission cannot be split. Stinson will be entitled to all

of it and that will be his complete compensation for collecting and disbursing the money. The fact that he collected from Farris who held it without legal authority instead of from the government can make no difference as to him. If Farris is to be paid because he in fact collected the money from the government, then whatever is paid him will be a duplication and the estate will suffer to that extent. Under no circumstances can the estate be made to lose on account of anything done by Farris. He did nothing that the legal administrator could not have done and would have done but for his action in proceeding under a void appointment.

We find nothing in this case upon which the allowance of anything to Farris can rightfully be based.

The judgment will be reversed and the cause remanded with direction to sustain the exceptions to the settlement and remand the cause to the probate court with directions to sustain the exceptions in that court and require Mr. Farris to pay over to Mr. Stinson all the money in his hands without retaining anything as compensation for himself. *Bailey* and *Smith, JJ.*, concur.