**In the Matter of the TRUSTS CREATED UNDER the WILL OF John Charles DWAN, Deceased.**

No. C6–85–149.

Court of Appeals of Minnesota.

July 30, 1985.

Review Denied Oct. 18, 1985.

Frank J. Hammond and Alan Maclin, St. Paul, for respondent.

Thelton D. Beck, Prescott, Ariz., Jerome B. Pederson, and Kristin L. Arneson, Minneapolis, for appellant.

Heard, considered and decided by LESLIE, P.J., and FOLEY and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Appellant Helen D. Vasilius appeals from the trial court's order settling and approving the final accounts of First Trust Company (FTC), including FTC's 2% deferred charge to remainderman in each of two trusts. We affirm.

## FACTS

Respondent First Trust Company (FTC) is the trustee of the trusts created under the will of John Charles Dwan, who died on November 9, 1957. Dwan was a son of one of the founders of Minnesota Mining and Manufacturing Company and an experienced lawyer and trust officer. Objector Helen D. Vasilius is the daughter of John and Mary C. Dwan, and the beneficiary of two of the trusts created under the will of John Dwan.

The "Trust for Helen Dwan Vasilius" consisted primarily of stock in 3M. Fifty percent of this trust, which had a fair market value of approximately two million dollars, was distributed to her when she attained age 40 on December 26, 1969. In 1970 the Ramsey County District Court approved FTC's accounts, including the two percent deferred charge to remainderman in the amount of $39,484.19.

In 1973 two thirds of the "Helen D. Vasilius Share of the Trust for Mary C. Dwan" was distributed to Vasilius. In 1974 the Ramsey County District Court approved the distribution, the accounts of FTC for the period from inception to August 15, 1973, and the two percent deferred charge to remainderman in the amount of $60,439.45. Vasilius did not object to the two distributions or to FTC's charges.

Both trusts terminated on December 26, 1979, when Vasilius attained the age of 50. The fair market value of both trusts at that time was approximately $2.7 million. FTC filed its annual accounts and its final accounts for the two trusts for the period from October 1, 1974, to December 26, 1979. FTC's deferred charges for both trusts amount to $53,456.19. Its annual fees from 1961–1979 total $66,981.32.

Vasilius filed an objection to FTC's deferred fees to be charged for its services, claiming the fees were unreasonably high. She has no objection to the quality or quantity of the services rendered or to FTC's annual fees.

The trial court determined the fees were reasonable and that the settlor, John C. Dwan, had agreed to pay them.

## ISSUES

1. Was the trial court's finding that the 2% termination fee was reasonable clearly erroneous?

2. Did the settlor, John Dwan, agree to a 2% termination fee?

## ANALYSIS

■ The general rule in Minnesota is that a corporate trustee is entitled to compensation.

> For the faithful performance of its duties and discharge of its trust, any trust company shall be entitled to reasonable compensation, or such amount as has been or may be agreed upon by the parties, and all necessary expenses, with legal interest thereon, unless otherwise agreed upon.

Minn.Stat. § 48.80 (1984). The allowance of reasonable compensation to a trustee for his services lies within the discretion of the trial court. *In re Comstock's Will*, 219 Minn. 325, 339, 17 N.W.2d 656, 664 (1945). A trial court's findings "shall not be set aside unless clearly erroneous * * *." Minn.R.Civ.P. 52.01.

■ In determining what is reasonable, a trial court should look to the practices of other trust institutions in the state and to

the circumstances surrounding the administering of the particular trust in question. *Restatement (Second) of Trusts,* § 242, comment b (1959) (emphasis added).

Throughout the first few years of administration of these trusts and into the early 1970's, most trust institutions in the area charged a two percent deferred charge after 5–10 years of trust administration, as well as an annual fee. There was testimony that FTC's fees were less than the fees which would have been charged by Norwest Bank Minneapolis and First Bank Minneapolis for comparable services under either their old fee systems or their new fee schedules.

Vasilius basically argues that FTC should not be entitled to an additional 2% deferred charge above and beyond its annual fees because the duties imposed on FTC were basically ministerial since the trust consisted almost entirely of 3M stock. Although that may be true, Dwan was himself an experienced lawyer and trust officer who obviously wanted the trust administration to be in safe and skillful hands to handle any situation that could conceivably arise.

■ The total compensation received by FTC was a fair, just and reasonable sum, regardless of when it is received. Four witnesses for FTC testified the 2% charge was reasonable. Vasilius' two experts testified that the fees were not reasonable but neither could offer a range of fees considered reasonable.

Minnesota's Uniform Principal and Income Act specifically requires a trustee to administer a trust "with due regard to the respective interests of income beneficiaries and remaindermen." Minn.Stat. § 501.49, subd. 1 (1984). A trustee is entitled to receive compensation "computed on principal as an acceptance, distribution, or termination fee." Minn.Stat. § 501.59, subd. 3(a) (1984). The use of a termination fee is clearly authorized in Minnesota.

■ In addition, Vasilius' conduct in accepting or, in the alternative, in not objecting to, the 2% deferred charge over the period from 1961 to 1974 constituted a waiver.

FTC's fees are reasonable for the services rendered.

**II**

The trial court also found that John C. Dwan agreed to the charges made by FTC for its services as a trustee, including its two percent deferred charge to remainder, at the time he made his will naming FTC cotrustee of the trusts under his will. Because of our resolution of the first issue, we need not address this issue.

**DECISION**

The trial court's finding that the fees charged by FTC were reasonable is affirmed.

Affirmed.

LESLIE, Judge, dissenting:

I respectfully dissent.

I cannot concur in a finding that a termination fee of $53,456.19 for the two trusts at issue here is reasonable.

The trust for Helen D. Vasilius contained 16 shares of AT & T stock and 35,798 shares of 3M stock. The Helen Dwan Vasilius share of the trust for Mary C. Dwan consisted exclusively of 17,907 shares of 3M stock. The family considered the 3M stock to be "heirloom" property and the testator in his will clearly desired that the 3M stock be retained. In fact, nothing was ever sold or bought. FTC received an annual fee for its services and when the deferred charge of 2% of the market value is added into the total compensation equation, FTC would receive a substantial overall fee.

In the absence of an agreement, a trust company is entitled only to reasonable compensation. The trial court found that John C. Dwan agreed to the charges made by FTC for its services as a trustee, including its two percent deferred charge to the remainder, at the time he made his will naming FTC co-trustee of the trusts under his

will. FTC argues that a letter sent seven years before the execution of Dwan's will was the basis of an agreement between FTC and Dwan. However, a 1961 letter from FTC to the beneficiaries of the trust suggests that no such agreement ever existed:

Since the completion of distributions out of the John C. Dwan Estate we have been considering the charges that the Trust Company should make as trustee of the three residuary trusts. * * * I promised to write to all of you as soon as we had come to our conclusions here.

Had there been an agreement, there would have been no need to consider the fees to be charged. Additionally, the 1950 letter apparently was admitted only for the limited purpose of showing that FTC's fees were reasonable. In my opinion the finding that there was an agreement is clearly erroneous.

I agree with appellant that the trial court abdicated its fact finding function to a panel of industry experts and ought to have considered factors such as time and labor, the complexity and novelty of problems involved, the extent of the responsibilities assumed, and the results obtained. Clearly, in my opinion, the value of the trust should not be the controlling factor that it appears to be here. These trusts were as easy to administer as can be imagined. I believe the trial court's determination that the FTC was entitled to a 2% termination fee is clearly erroneous and would remand to the trial court for a determination of reasonable compensation without regard to a percentage figure. As appellant submits, " * * * a court which in a contested case is being asked to approve fees * * * is entitled to know what it costs a trust company, in modern times with modern procedures and equipment, to administer trusts with assets of the magnitude and nature of those at issue herein." So, may I add, is the objector. As the majority itself recognizes, the trial court should look to the circumstances surrounding the administration of the particular trust in question. I do not believe it did so and therefore respectfully dissent.