**In the Matter of the Trust created by Robert E. VOSS.**

**No. CX–90–2730.**

Court of Appeals of Minnesota.

Aug. 20, 1991.

Elton A. Kuderer, Mark A. Madsen, Erickson, Zierke, Kuderer, Madsen & Wollschlager, Fairmont, William G. McNairy, Brooks, Pierce, McLendon, Humphrey & Leonard, Greensboro, N.C., for appellant Alice Gaines.

James A. Wilson, Richard D. Berens, Johnson, Berens & Wilson, Fairmont, for respondent First Trust.

Suzann Olson, Sunde, Olson, Kircher & Zender, St. James, for respondent Jean Dawes.

## OPINION

CRIPPEN, Judge.

This appeal arises from the trial court's award of trustee and attorney fees claimed in a final accounting for a trust. Appellant disputes findings that the fees are fair and reasonable.

## FACTS

In 1968 Robert Voss transferred his land, livestock and securities into a trust, naming himself as trustee and First Trust Company of Saint Paul as successor trustee. In 1989 Voss appointed his daughters, Jean Dawes and appellant Alice Gaines, as cotrustees to serve with First Trust. Dawes and Gaines became beneficiaries of the trust when Voss died on March 5, 1989. The trust then held seven farms, with a gross value of approximately $2.7 million, and cash and securities worth about $210,-000. There were mortgages on the farms for a total indebtedness of $840,000.

In March 1990 Gaines and Dawes negotiated a division of the trust property. On March 22, 1990, First Trust resigned as cotrustee.

In the petition for final accounting, First Trust requested fees of $17,186.28 for managing the farms, $8,601.74 for special services during the year, $529.33 for manag-

ing cash investments, and $42,500 for settling the estate after the settlor's death, for a total trustee fee of $68,817.35. First Trust also sought approval of $30,558.32 in attorney fees. Appellant does not challenge the farm management fee, the annual administration charges or the cash management fee. Those fees are based on the income earned while First Trust had responsibility for the trust assets. The appeal concerns the attorney fees and the fee for settling the estate.

According to First Trust's schedule of fees, its flat rate estate settlement fee is based on the value of probate assets. The charge for dealing with non-probate assets is based on time and work involved. A trust officer testified that a flat rate was appropriate here, even though no probate proceedings occurred, because this was not a typical case of non-probate assets incidental to a probate estate.

The trust officer involved in the estate admitted that First Trust did not complete its normal duties as trustee of the Voss trust. First Trust resigned without distributing the trust assets to the beneficiaries or completing the 1990 fiduciary income tax return, the federal estate tax return or the audit. The trust officer explained that the settlement negotiated between Dawes and Gaines removed all assets from the trust, so that the estate would have no assets to cover obligations First Trust could incur in completing its normal duties.

James Wilson, the attorney who worked for First Trust on the Voss trust, testified that he spent 212 hours working on the trust. His standard hourly rate, which did not apply to estate work, was $100 per hour. O'Meara testified that Wilson's fees of $30,558.32 were reasonable.

The trial court found that First Trust's fee claim was "fair and reasonable pursuant to the fee schedule exhibited to the trustor" when the trust agreement was negotiated. The court also found that Wil-

son's hourly rate was "not unreasonable" and that his total attorney fees were "reasonable and commensurate with the skill required and the time expended." Thus, the trial court awarded First Trust all of the trustee fees and attorney fees requested in its petition. The court did not determine the amounts expended by the co-trustees in completing the tasks First Trust left undone, although Gaines testified that she incurred legal fees of $40,000 in connection with the trust, and some of those fees were for completion of trustee duties.

## ISSUES

1. Did the trial court abuse its discretion in awarding the trustee the full flat rate fee when the trustee failed to complete its normal duties?

2. Did the trial court abuse its discretion in awarding attorney fees at a premium over the attorney's standard hourly rate?

## ANALYSIS

1. "The allowance of reasonable compensation to a trustee for his services lies within the discretion of the trial court." *In re Trusts of Dwan*, 371 N.W.2d 641, 642 (Minn.App.1985), *pet. for rev. denied* (Minn. Oct. 18, 1985). The facts of this case "should be viewed in a light favorable to the parties who have prevailed in the lower court." *In re Estate of Bush*, 304 Minn. 105, 121, 230 N.W.2d 33, 42 (1975).

■ The trial court found that First Trust calculated its fee according to its schedule, and the schedule fees were reasonable.[1] Gaines argues that the estate settlement fee from the schedule was inapplicable to the Voss estate because that fee is normally for probate estates, but Gaines presented no evidence to refute First Trust's claim that its duties in this case were the same as its duties for administra-

---

1. First Trust states that it miscalculated its estate settlement fee, undercharging by more than $8,000. First Trust neither sought an added award nor argued that its omission rendered the fee charged a partial award. The trial court did not allow the fee on the theory it represented charges for partial completion of services, and the court did not find that there was an error or that the alleged error had any bearing on its assessment of fees. Therefore, the alleged miscalculation does not affect our decision in this case.

tion of probate estates. We find no basis for questioning application of the schedule to calculate estate settlement fees for this estate.

■ Gaines next contends that First Trust is not entitled to the full flat rate fee because First Trust resigned without completing its normal duties as trustee. Gaines testified that she incurred substantial expenses for completing administration of the trust. She paid her attorneys to complete the federal estate tax return, the audit, the distribution of trust property, and the fiduciary income tax return. We conclude that the trial court abused its discretion when it approved the full fee without an offset for First Trust's resignation prior to completion of its duties as trustee.

In *In re Butler's Trusts*, 223 Minn. 196, 206, 26 N.W.2d 204, 210–11, *cert. denied*, 332 U.S. 759, 68 S.Ct. 59, 92 L.Ed. 345 (1947), the court held:

> In no event may the trustee increase his compensation by delegating to others, at the expense of the estate, the performance of duties for which he as trustee is receiving compensation. Trustees are not entitled to extra compensation for their usual and normal services or to reimbursement for expenditures made in employing others to perform such services.

In this case First Trust seeks a full fee although it did not complete the duties for which it seeks compensation. Any reasonable and necessary expenses incurred after First Trust's resignation for completion of the trustee's normal duties are tantamount to expenses for delegated duties. Under the rule of *Butler's Trusts*, First Trust may not delegate these duties to others at the expense of the estate when it receives compensation for full performance of the duties. On remand the court must determine the reasonable value of services necessarily purchased to complete First Trust's duties, and First Trust's fees must be reduced by that amount.

■ First Trust contends it is entitled to a full fee because it could not complete its duties once Dawes and Gaines agreed to divide the estate's assets. Although this argument may justify the resignation, it does not justify recovery of a full fee. First Trust's resignation effectively delegated part of its duties to its co-trustees. Therefore, First Trust only performed some of its duties and should not receive the same compensation it would have received had it completed all of its duties.

First Trust also claims it should receive full compensation because Gaines was uncooperative. The trial court's order indicates the award was not based on any special difficulties First Trust faced; instead, the order clearly shows that the court based the fees allowed solely on the standard charges established by the fee schedule. Moreover, it cannot be reasonably determined from this record whether Gaines's posture is best described as uncooperative or as maintenance of a point of view she was entitled to have duly considered by First Trust. *See In re the Great Northern Iron Ore Properties Trust*, 263 N.W.2d 610, 621 (Minn.1978) (trustee has duty to consider wishes of each beneficiary equally), *cert. denied*, 439 U.S. 835, 99 S.Ct. 116, 58 L.Ed.2d 130 (1978).

■ 2. The allowance of attorney fees rests largely in the discretion of the court, and the reasonable value of attorney services is a question of fact. *In re Estate of Baumgartner*, 274 Minn. 337, 346, 144 N.W.2d 574, 580 (1966). The court's findings of fact will not be set aside unless clearly erroneous. *In re Estate of Balafas*, 302 Minn. 512, 516, 225 N.W.2d 539, 541 (1975). To determine the fee, the court should consider the time, labor and skill required, the novelty and difficulty of the legal questions, customary fees for similar services, the amount involved, the results obtained, and the experience, reputation and ability of the lawyer. *Bush*, 304 Minn. at 119–20, 230 N.W.2d at 42.

■ Here the trial court expressly considered the time and skill required and customary fees for similar services. The trial court, which is in a superior position to determine the reasonableness of the time

spent and the rate charged, concluded that the fees were reasonable. The court did not commit reversible error in allowing Wilson to charge a rate greater than his standard rate for other legal services, especially in view of the size of the trust. *See id.* at 125, 230 N.W.2d at 44–45. We cannot say that the award of attorney fees constitutes an abuse of discretion.

### DECISION

The award of attorney fees is affirmed. The award of trustee fees is reversed and the case is remanded for determination of the reasonable and necessary costs for completion of First Trust's duties as trustee, and deduction of this amount from the fees originally awarded to First Trust.

Affirmed in part, reversed in part and remanded.

FOLEY, J., concurs especially.

FOLEY, Judge (concurring specially).

I concur in the result.