**In re ESTATE OF Evelyn Sophia EVENSON.**

**No. C1–93–590.**

Court of Appeals of Minnesota.

Aug. 31, 1993.

Michael M. Gavin, Gavin, Olson, Conkel & Savre, Ltd., Glencoe, for appellant William Evenson.

William Partridge, Farrish, Johnson & Maschka, Mankato, for respondent Daniel Edwards.

Considered and decided by HUSPENI, P.J., and KLAPHAKE and FLEMING,* JJ.

## OPINION

KLAPHAKE, Judge.

Appellant, Estate of Evelyn Sophia Evenson, challenges the trial court's award of costs and attorney fees to the former personal representative, respondent Daniel Edwards, after Edwards unsuccessfully defend-

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

ed a challenge to the validity of Evenson's will, codicil, and a contract for deed. We affirm.

## FACTS

In October 1990, Evelyn Evenson (Evenson) resided in a nursing home. Without permission of doctors, Evenson left the home to live with Ruby Edwards and respondent Daniel Edwards after Ruby Edwards obtained power of attorney on October 4, 1990. Within seven weeks, Evenson executed a new will. Several months later she executed a codicil to the will and sold her farm on a contract for deed to the Edwards at a price well below market value. Evelyn Evenson died on September 20, 1991, leaving the bulk of her estate to the Edwards. Respondent was named in the will as personal representative of the estate.

Respondent offered the will for probate. Evenson's only son, William Evenson, challenged the validity of the will, codicil and a contract for deed. After trial, the court found that Evenson had testamentary capacity to execute the three documents, but that all were procured as a result of undue influence. In the memorandum attached to the order for judgment, the court noted that the Edwards alienated Evenson from her son and compelled her to rely on them. However, specific examples of the influence exerted over Evenson involved only Ruby Edwards, and the court stated only that Ruby Edwards coerced Evenson to execute the documents and disinherit her son.

In February 1993, the trial court granted respondent's request for reimbursement of costs and attorney fees amounting to $25,-169.78, which respondent incurred in unsuccessfully defending the challenge of appellant, the estate, to the will, codicil and contract for deed. This appeal followed.

## ISSUES

I. Did the trial court err in granting respondent costs and attorney fees in defending a challenge to the validity of Evenson's will, codicil and the contract for deed?

II. Is respondent entitled to costs and attorney fees on appeal?

## ANALYSIS

### I.

Minn.Stat. § 524.3–720 (1992) generally allows reimbursement of expenses and disbursements, including attorney fees, claimed by a personal representative:

> Any personal representative or person nominated as personal representative who defends or prosecutes any proceeding in good faith, whether successful or not, or any interested person who successfully opposes the allowance of a will, is entitled to receive from the estate necessary expenses and disbursements including reasonable attorneys' fees incurred.

In its order granting respondent's request for taxation of costs and disbursements, the trial court quoted section 524.3–720 as authority for its award, stating:

> Daniel Edwards, personal representative, defended the proceedings unsuccessfully in good faith. Mr. Edwards had no choice but to proceed in defending the will and codicil of Evelyn Evenson.

Appellant argues that the trial court had no basis for making the award because respondent could not have acted in "good faith" while exerting undue influence over Evenson. Appellant contends the trial court's finding of respondent's good faith is clearly erroneous. *See* Minn.R.Civ.P. 52.01; *Citizens State Bank of Hayfield v. Leth,* 450 N.W.2d 923, 925 (Minn.App.1990) (findings supported by the evidence are not clearly erroneous).

Here, the evidence presented and the trial court's findings show that only Ruby Edwards exerted undue influence over Evelyn Evenson. Ruby Edwards obtained power of attorney over Evenson, was responsible for Evenson's care, and all specific instances of coercion or undue influence involved only her. Based on this evidence, the trial court's finding that Daniel Edwards acted in good faith in defending the will is not clearly erroneous.

Appellant relies on three cases which it argues support the argument that Edwards should not be entitled to reimbursement of costs and attorney fees. *See In re Estate of*

*Healy (Hursch v. Theis)*, 247 Minn. 205, 76 N.W.2d 677 (1956); *In re Estate of Boese (Langley v. Smith)*, 217 Minn. 583, 15 N.W.2d 16 (1944); *Minnesota Loan & Trust Co. v. Pettit*, 144 Minn. 244, 175 N.W. 540 (1919). However, two of the cited cases rely on Minn.Stat. § 525.49, which was repealed in 1974. *See* 1974 Minn.Laws ch. 442, art. 8, § 524.8–102; *Healy*, 247 Minn. at 207–08, 76 N.W.2d at 679; *Boese*, 217 Minn. at 584–85, 15 N.W.2d at 17. As Minn.Stat. § 525.49 required that a personal representative proceed with "just cause," as well as good faith, we conclude that these cases are not controlling here. The third case predates the others and relies upon judicial precedent holding that a personal representative may not recover expenses incurred in an unsuccessful, albeit good faith, defense of a will. *Minnesota Loan*, 144 Minn. at 247–48, 175 N.W. at 541 (discussing *In re Estate of Myler (Kelly v. Kennedy)*, 133 Minn. 278, 158 N.W. 395 (1916)). As section 524.3–720 allows reimbursement regardless of success, this case is also inapplicable.

■ Appellant further argues that respondent must show his actions in defending the will actually benefitted the estate in order to recover fees and expenses. Case law interpreting Minn.Stat. § 525.515 requires proof of a benefit to an estate before an attorney may be paid for providing "services" for the estate at the request of a personal representative, guardian or conservator. *See In re Estate of Opsahl*, 448 N.W.2d 96, 103 (Minn. App.1989) (construing Minn.Stat. § 525.515 as requiring estate to pay attorney fees only when attorney services actually benefit the estate); *see also In re Estate of Balafas (Angelos v. Balafas)*, 302 Minn. 512, 516, 225 N.W.2d 539, 541 (1975) (disallowing attorney fees under Minn.Stat. § 525.515 where attorney services were connected to undue influence). Appellant argues the benefit requirement, which has been judicially grafted onto Minn.Stat. § 525.515, also should apply to cases arising under Minn.Stat. § 524.3–720. We disagree.

The two statutes apply to different probate situations. Minn.Stat. § 524.3–720 applies to the expenses incurred in "defend[ing] or prosecut[ing] any proceeding in good faith, whether successful or not." In contrast, section 525.515 broadly applies to "all probate proceedings." Minn.Stat. § 525.515(a) (1992). Moreover, the personal representative or any "interested person who successfully opposes the allowance of a will" may recover fees and disbursements under section 524.3–720. Minn.Stat. § 524.3–720. But, under the broader language of section 525.515, an attorney may obtain fees from the estate for any "services" requested by the personal representative, guardian or conservator. Minn.Stat. § 525.515(a). Minn. Stat. § 524.3–720 contemplates a personal representative defending or prosecuting a will in good faith, consistent with the general duties of a personal representative outlined under Minn.Stat. § 524.3–703 (1992). Recovery of costs and attorney fees in will contests must not depend upon whether the will is found to be valid after litigation. Other "services" provided at the request of the personal representative, however, must benefit the estate before expenses are recoverable. As respondent properly requested costs and attorney fees under section 524.3–720 for actions taken in defending the will, we affirm the trial court's award of costs and attorney fees.

## II.

■ Respondent requests costs and attorney fees on appeal. As Minn.Stat. § 524.3–720 allows reimbursement of expenses and disbursements in all estate litigation, respondent is entitled to reasonable costs. Respondent shall submit affidavits detailing the hourly rate of his attorney and services billed within seven days of the filing of this opinion. If necessary, appellant may address this submission within seven days after service.

## DECISION

We affirm the trial court and hold that respondent is entitled to recover expenses and disbursements, including attorney fees, under Minn.Stat. § 524.3–720 (1992) in defending a challenge to the will of Evelyn Evenson. We also hold that respondent is

entitled to such costs in defending this appeal.

**Affirmed.**